In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00178-CR
_____

CARL WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the Criminal District Court
Jefferson County, Texas
Trial Cause No. 15-23005

_____

MEMORANDUM OPINION

Carl Williams appeals from his conviction for possessing a deadly weapon in a penal institution.[1] Williams' conviction is based on a plea agreement he made with the State, which the trial court relied on when it sentenced Williams to serve a ten-year sentence. Under the terms of

---

[1]*See* Tex. Penal Code Ann. § 46.10 (Deadly Weapon in a Penal Institution).

1

Williams' agreement, the trial court suspended Williams' sentence and placed him on community-supervision (probation) for five years.

Twenty-one months later, the State moved to revoke the trial court's community-supervision order, alleging that Williams had violated six of the conditions required of him by the order. The State asked that the trial court conduct a hearing and determine whether Williams' probation should be revoked. In May 2022, which is when the trial court heard the motion, Williams pleaded "true" to having violated six specific conditions that were required of him by his community-service order.

The trial court revoked the community-supervision order and signed a judgment. However, the trial court didn't require Williams to complete the ten-year sentence that it had imposed when it originally pronounced Williams' sentence. Instead, the court advised Williams that the court was "going to set your punishment at five years['] confinement in the penitentiary with credit for any time served." And following the hearing, the trial court signed a Judgment Revoking Community Supervision, which reflects that the trial court reformed Williams' sentence by reducing his punishment from ten years in prison to five.

After the trial court signed the reformed judgment, Williams appealed. Williams' court-appointed attorney discharged his responsibilities to Williams by filing an *Anders* brief.[2] Williams' attorney represents there are no arguable reversible errors to be addressed in Williams' appeals. The brief the attorney filed contains a professional evaluation of the record and explains why, under the record in Williams' case, no arguable issues exist to reverse the trial court's judgment.[3] Williams' attorney represented that he sent Williams a copy of the briefs, and he explained to Williams how he could arrange to request a copy of the appellate record. When the brief was filed, the Clerk of the Ninth Court of Appeals notified Williams, by letter, that he could file a pro se brief or response with the court on or before May 15, 2023. Williams, however, failed to respond.

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney assigned to represent the defendant has a non-frivolous argument that

---

[2]*See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).
    [3]*See id.*

3

would support the appeal.[4] After reviewing the record, we agree with counsel's conclusion that no arguable grounds exist to support the appeal. Thus, it follows the appeal is frivolous.[5] For that reason, we need not require the trial court to appoint another attorney to re-brief the appeal.[6] The trial court's judgment in Trial Court Cause Number 15-23005 is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on July 26, 2023
Opinion Delivered August 2, 2023
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.

---

[4]*Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744).

[5]*See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

[6]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Williams may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.